REBECCA WALDO, APPELLANT, *v.* CHARLES WALDO AND OTHERS, RESPONDENTS.

*Decision of an issue of fact by a surrogate — he must file findings of fact and conclusions of law — Code of Civil Procedure, sec. 2545 — what papers must be presented to the General Term on an appeal from his decision.*

In order that the decree of a surrogate, refusing to admit to probate an instrument purporting to be a last will and testament, may be reviewed at the General Term, a decision in writing, stating separately the findings of fact and the conclusions of law, must be filed by the surrogate in his office as required by section 2545 of the Code of Civil Procedure, and be included with the papers to be presented, on the appeal, to the General Term.

APPEAL from a degree of the surrogate of Steuben county, refusing to admit to probate an instrument purporting to be the last will and testament of Lucius Waldo, deceased, in which the appellant is named as sole executrix.

*George T. Spencer* and *J. K. Smith*, for the appellant.

*William L. Hodgman*, special guardian, for minors.

*Rumsey Miller*, for the respondents.

SMITH, P. J :

The proceeding before the surrogate was instituted since chapter 18 of the Code of Civil Procedure went into operation. The provisions of that chapter are designed to assimilate, as far as practicable, the method of procedure for the review of the decision of a surrogate upon the trial by him of an issue of fact, to an appeal from a judgment in a civil action. To that end it is provided, in section 2545, that an exception may be taken to a ruling by a surrogate upon the trial by him of an issue of fact, including a finding, or a refusal to find, upon a question of fact, in a case where such an exception may be taken to a ruling of the court, upon a trial without a jury, of an issue of fact, as prescribed in article 3 of title 1 of chapter 10 of said Code. It is also provided that upon such a trial, the surrogate must file in his office his decision in writing, which must state separately the facts found and the conclusions of law. The review is to be had upon a case, and either party, upon the settlement of the case, may request a finding upon any question of fact, or a ruling upon any question of law; and an exception may be taken to such a finding or ruling, or a refusal to find or rule accordingly. And an appeal from a decree or an order of the surrogate, brings up for review, by each court to which the appeal is carried, each decision to which an exception is duly taken by the appellant, as prescribed in said section.

In the present case the appeal book contains nothing purporting to be a decision of the surrogate, stating separately the facts found by him and his conclusions of law, with the exception of certain specific adjudications in the decree, which cannot be regarded as a substitute for the formal decision required by the Code.

We think that by reason of that omission the case is not in a proper shape for review; and we therefore decline to consider it, and allow it to be withdrawn, with leave to either party to apply to the surrogate to make and file his decision, in accordance with the statute (if one has not already been filed). Such decision when made and filed may be inserted in the appeal book, and the case may then be brought on for oral argument or submission as the counsel shall prefer.

This accords with the direction made by us in the matter of the

probate of the will of John Russell, deceased, at the last October term of this court.

Declined to be considered and parties permitted to withdraw the case, with leave to apply to the surrogate to make and file his decision in accordance with section 2545 of the Code.

HARDIN and BARKER, JJ., concurred.

So ordered.